**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAMION ROBISON,** | : | **CIVIL NO. 1:CV-11-2391** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| | : | |
| **RONNIE HOLT,** | : | |
| **Respondent** | | |

<u>**MEMORANDUM**</u>

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 (Doc. No. 1) filed by Damion Robison ("Robison"), a federal inmate incarcerated at the

Federal Prison Camp at Canaan, Pennsylvania.  Along with the petition, he submits a motion

seeking leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in this matter.  (Doc. No. 2.)  Also pending are

Robison's motion for the appointment of counsel (Doc. No. 3) and motion to void his indictment

and judgment (Doc. No. 5).  In the petition, Robison challenges his conviction and sentence in

the United States District Court for the Southern District of Ohio for the offense of Conspiracy to

Distribute and Possession with Intent to Distribute five (5) kilograms or more of cocaine.  For

the reasons set forth below, the motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be granted for the sole

purpose of filing the instant petition, and the petition will be dismissed for lack of jurisdiction.

**I.      Background**

Robison was indicted by a grand jury on July 12, 2007 on charges of Conspiracy to

Distribute and Possession with Intent to Distribute 5 kilograms or more of cocaine in violation of

21 U.S.C. §§ 841 and 846.  He ultimately entered a guilty plea to the charges on April 7, 2008.

He was later sentenced to a 120 month federal sentence by the United States District Court for

the Southern District of Ohio on July 29, 2009.   Following sentencing, he filed a motion to

amend/correct his Presentence Investigation Report that was denied by the sentencing court on November 7, 2011.  No other challenges to the conviction and sentence have been filed.  In fact, Robison states that the reason for his filing of the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is that relief pursuant to 28 U.S.C. § 2255 has expired under the one (1) year statute of limitations.  (Doc. 1, Pet. at 2.)

In the pending petition, Robison challenges his conviction and sentence on several grounds.  His major contention is that the United States District Court for the Southern District of Ohio lacked subject matter jurisdiction to entertain his criminal matter and to render judgment against him.  He also sets forth additional grounds including the ineffective assistance of counsel, prosecutorial misconduct, defective indictment and illegal search warrant.

## II.    Discussion

This matter is before the Court for screening.  28 U.S.C. § 2243.  The petition has been give preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)(applicable to § 2241 petition under Rule 1(b)).  See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Once relief is sought via section 2255, an individual is prohibited from filing a second or

subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or

a "new rule of constitutional law."  28 U.S.C. § 2255.

      Further, such claims may not be raised in a § 2241 petition except in unusual situations

where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C.

§ 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, § 2255 is not "inadequate or

ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.

Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on

§ 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a

habeas corpus petition in this Court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002);

United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a

petitioner improperly challenges a federal conviction or sentence under section 2241, the petition

must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir.

1971).

      In the instant case, Robison attempts to raise claims in the pending § 2241 petition that

clearly fall within the purview of § 2255 and have been known to him since the time of his

conviction and sentencing.  As noted above, he may not raise his present claims in a § 2241

petition without establishing that the remedy by motion under § 2255 would be inadequate or

ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Clearly, he is unable to

establish inadequacy or ineffectiveness as he admits his inability to pursue such relief is only

prevented by the fact that he is now time-barred from pursuing such relief.  He does not base his

present action on newly discovered evidence or a new rule of constitutional law that has been

made retroactive to cases on collateral appeal.  His personal inability to utilize § 2255 does not

establish the inadequacy or ineffectiveness of said remedy.  Further, even if he had raised his

claims pursuant to a § 2255 motion, his lack of success in that forum would not entitle him to

proceed pursuant to § 2241.  The remedy afforded under § 2241 is not an additional, alternative,

or supplemental remedy to that prescribed under § 2255.  Consequently, the Court will dismiss

this § 2241 petition for lack of jurisdiction.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


DAMION ROBISON,         :       CIVIL NO. 1:CV-11-2391
      Petitioner,         :
                 :       **(Chief Judge Kane)**
      v.              :
                 :
                 :
RONNIE HOLT,          :
      Respondent

**ORDER**

**NOW, THIS 11th   DAY OF MAY, 2012,** upon consideration of the petition for writ of

habeas corpus (Doc. No. 1), and for the reasons set forth in the accompanying Memorandum, it is

hereby **ORDERED** that:

    1.     The motion to proceed <u>in forma pauperis</u> (Doc. No. 2) is **granted** for the sole
           purpose of filing this action.

    2.     The petition for writ of habeas corpus (Doc. No. 1) is **dismissed** for lack of
           jurisdiction.

    3.     Petitioner's motion for counsel (Doc. No. 3) and motion to void the indictment and
           judgment (Doc. No. 5) are **denied as moot.**

    4.     The Clerk of Court is directed to **close this case**.


                      <u>S/ Yvette Kane</u>
                      YVETTE KANE, Chief Judge
                      Middle District of Pennsylvania